IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Modern Remodeling, Inc., | * | |
| | * | |
| v. | * | Civil Action No. 19-1397 |
| | * | |
| Tripod Holdings, LLC, *et al.* | * | |

**MEMORANDUM**

Modern Remodeling Inc. ("MRI") alleges that its former employees, including David Drab, improperly started competing businesses while working for MRI and improperly used confidential MRI information. Drab filed a counterclaim against MRI for breach of contract and violation of the Maryland Wage Payment and Collection Act. Now pending is MRI's motion for partial summary judgment (ECF 101) as to Drab's counterclaims. Specifically, MRI seeks summary judgment as to Drab's claim that he was not paid sales commissions that he was owed, and that he was not paid his 1% year-end bonus for 2016.[1]

MRI raises two issues. First, it argues that Drab improperly expanded the scope of his wage claims during his deposition to include unpaid sales commissions, that he should be limited to what he pled in his counterclaims and what he claimed in written discovery, and that he has provided no factual support for his claim of unpaid commissions. Second, it argues it is entitled to summary judgment as to Drab's claim for a 1% year-end bonus in 2016. Drab argues that the claim of unpaid sales commissions was included in his counterclaims as they broadly alleged unpaid wages. Drab also argues that he did not waive his claim regarding the bonus for 2016.

**STANDARD OF REVIEW**

---

[1] MRI also moved for partial summary judgment on defendant Rachael Franks's counterclaims. On July 1, 2020, MRI and Franks filed a joint stipulation dismissing with prejudice all claims asserted against each other. (ECF 118). Therefore, MRI's motion as to Franks will be denied as moot.

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48. The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

## DISCUSSION

I.  <u>Sales Commissions</u>

The court will grant summary judgment for MRI as to the unpaid sales commissions claim. The claim of unpaid sales commissions was not mentioned in Drab's counterclaim or his written discovery responses. While Drab's counterclaims allege generally that MRI failed to pay him the full compensation he was owed, the factual allegations regard the 1% bonus, and there

are no factual allegations regarding any unpaid sales commissions. (*See* ECF 19 Drab Counterclaim ¶ 7 (alleging failure to "pay Counter-Plaintiff Drab fully for the work which Counter-Plaintiff Drab performed for Counter-Defendant MRI, which included, but was not limited to, the payment of 1% of the cumulative amount of closed jobs in excess of $1 million in each calendar year.")). And in response to a written discovery request that Drab itemize and describe all wages and other relief he is seeking, Drab only responded with the 1% bonus allegedly not paid, not any unpaid sales commissions. (ECF 101-8, Answer to Interrogatories at 2). It appears that the first time Drab brought up an issue of allegedly unpaid sales commissions was at his deposition on January 22, 2020. (ECF 101-6, Drab Depo. at 77).

Most importantly, there is no evidence in the record to support the claim for unpaid sales commissions. "If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial." *Brocious v. United States Steel Corp.*, 429 F. Supp. 3d 82, 86 (D. Md. 2019) (finding the plaintiff had presented no evidence of an express warranty, and "an unsupported assertion is not sufficient to create a genuine issue of material fact at the summary judgment stage, *id.* at 89). MRI has established there is no evidence to support the claim for unpaid sales commissions, and Drab has not provided any specific facts to show a genuine issue for trial. Drab argues that "MRI cites no authority that summary judgement is appropriate if evidence adduced during discovery is not specifically described in the complaint or counterclaim," (ECF 106, Drab Opp'n at 3), but nowhere in the briefing does he identify what new evidence indicates that he was not paid sales commissions he was owed. And although Drab's full deposition is not in the record, there are no specific allegations made by Drab in the record before the court. (ECF 101-6, Drab Depo. at 77). Discovery has closed. To the extent

3

that discovery is needed to gain evidence about this claim, it would be prejudicial to reopen discovery especially when there are no specific factual allegations regarding the claim for unpaid sales commissions. Because there is no evidence in the record to show a genuine issue of fact with respect to the unpaid commissions, the court will grant MRI's motion for summary judgment as to that claim.

    II.    <u>2016 Year-End Bonus</u>

MRI seeks summary judgment on Drab's claim that he was not paid his year-end bonus for 2016. According to Drab's offer letter, his year-end bonus would be "1% of closed business in excess of $1MM" and "based on closed business in the Insurance Restoration, Retail and BoardUp divisions." (ECF 101-5, May 11, 2016 Offer Letter at 1).[2] At Drab's deposition, counsel for MRI made reference to a document that it appears showed that the sales volume closed in 2016 was $83,209.94. (ECF 101-6, Drab Depo. at 84:12–18).[3] This document does not appear to be in the record. Drab then questioned whether these were the only jobs closed in 2016, to which counsel for MRI stated they were. (*Id.* at 85:5–7). Because this is less than the $1 million required for the year-end bonus (or $500,000, if the amount was pro-rated for the half-year that Drab was employed in 2016), counsel for MRI asked Drab, "You're not claiming as to the 1 percent bonus that you were entitled to any bonus for 2016; is that right?" to which Drab responded "Okay." (*Id.* at 86:6–8). Drab then asked, "Do we have the numbers for closed business for the complex side for 2016? These are just my jobs." (ECF 106-1, Drab Depo. at

---

[2] Drab testified that he signed a different version of the offer letter which included a car allowance, but he did not recall any other changes to compensation and stated that this version "is pretty close to what it was." (ECF 101-6, Drab Depo. 69:10–71:13). According to MRI, it does not have a signed copy of the offer letter, nor was it produced in discovery.
[3] The deposition transcript attached to the motion for summary judgment is the rough draft version.

105:5–7). It is not clear from the record what that amount would be, and whether that would also be factored into Drab's bonus calculation.

The court cannot grant summary judgment as to the claim at this time. MRI only provides the deposition testimony but not the document that was relied upon. Neither party provides any evidence (other than representations by MRI's counsel during Drab's deposition) regarding the sales volume closed in 2016. It also appears there is a genuine dispute as to what sales volume (Drab's sales volume or the entire division's) should be used to calculate the bonus. Further, to the extent MRI argues that Drab waived his claim through his responses at his deposition, it appears Drab's equivocal statement that he was not pursuing his claim for a 1 percent bonus for 2016 was based on counsel's representations of the closed sales amount for 2016, and that he clarified his answer later regarding the correct sales volume number on which his bonus should be based.

## CONCLUSION

For the reasons stated above, the court will grant MRI's motion with respect to Drab's unpaid sales commissions claim, deny the motion with respect to Drab's 2016 year-end bonus claim, and deny as moot the motion with respect to Franks. A separate order follows.

| 7/23/20 | /S/ |
|---------|-----|
| Date | Catherine C. Blake<br>United States District Judge |

5