IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MODERN REMODELING, INC. | * |
| | * |
| | *     Civil Action No. CCB-19-1397 |
| v. | * |
| | * |
| TRIPOD HOLDINGS, LLC, *et al.* | * |
| | * |
| | * |

\*\*\*\*\*

## MEMORANDUM

Now pending is a motion for leave to file a second amended complaint and request for injunctive relief (ECF 215), filed by Modern Remodeling, Inc. ("MRI"), against the various defendants in this suit for breach of contract, breach of the duty of loyalty, tortious interference with contract, and a variety of other claims. The Tripod Defendants[1] have responded (ECF 216) and the Sales Defendants[2] have joined in that opposition (ECF 218); MRI has replied (ECF 221). The motion has been fully briefed, and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons stated herein, the court will grant MRI leave to amend its complaint.

## BACKGROUND

In the course of preparing for the upcoming trial, the defendants submitted on October 8, 2021, conditional jury instructions concerning punitive damages. They argued that MRI's First Amended Complaint (ECF 64) did not request punitive damages and that MRI should therefore be barred from claiming punitive damages at trial. (*See* ECF 211).

MRI countered that the defendants were on notice and, as a result, would suffer no prejudice at the inclusion of punitive damages instructions. The defendants acknowledged that

---

[1] The Tripod Defendants include Tripod Holdings, High Mark Construction, Strong Wall Construction, MGB Investments, Patrick Boyle, and Robert Kimball.

[2] The Sales Defendants include Earl Edwards, Robert Keenan, Randy Moran, and Matthew Olesky.

1

MRI's counsel had advised the court at an October 1, 2021, hearing that MRI sought punitive damages. (ECF 211 at 1). MRI noted that the First Amended Complaint included the factual allegations necessary to support punitive damages, and the defendants were on notice of MRI's intent to seek punitive damages, as the defendants had included defenses to punitive damages claims (that their conduct was "not willful, wanton, or done with any intent to injure") in all three Joint Proposed Pretrial Orders. (ECF 212 at 1; *see* ECF 190, 194, 203). MRI added that the relevant conduct involved in the punitive damages claim had been explored at length during discovery and various briefing. (ECF 212 at 2; see ECF 130, 143, 145, 160, 161, 196).

MRI then moved to amend its complaint to include language explicitly covering punitive damages. (*See* ECF 215).

## ANALYSIS

Before trial and after the period for as-of-right amendments has passed, a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v. Hougham*, 364 U.S. 310, 316 (1960). "It is [the Fourth] Circuit's policy to liberally allow amendment in keeping with the spirit of" the rule. *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) (citing *Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964)). A district court should deny leave to amend only (1) "when the amendment would be prejudicial to the opposing party," (2) when "there has been bad faith on the part of the moving party," or (3) when "amendment would be futile." *Matrix Cap. Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*)).

"In light of the liberal amendment standards, and the largely technical nature of the proposed amendments," the court finds that MRI's amendments are not prejudicial, even though offered shortly before trial. *Glynn v. EDO Corp.*, 536 F. Supp. 2d 595, 601 (D. Md. 2008); *see also Justice v. Pennzoil Co.*, 598 F.2d 1339, 1345 (4th Cir. 1979) (finding no abuse of discretion where the district court granted leave to amend the complaint with trial imminent). The defendants' arguments to the contrary are unconvincing.

The defendants argue that the pleadings are insufficient to support a claim for punitive damages under Maryland law. They cite *Scott v. Jenkins*, in which a plaintiff requested and received a punitive damages jury instruction for the first time at the close of trial despite not having included punitive damages in his pleading. 690 A.2d 1000, 1001–02 (Md. 1997). The Court of Appeals held that a higher standard of proof precedes punitive damages, so a "more detailed factual allegation is necessary to put the other party on notice that such damages are being sought." *Id.* at 1006. The *Scott* court said that "a punitive damages award based upon an insufficiently pleaded complaint may render the judgment constitutionally infirm" and cited state precedent that noted this vulnerability when the defendant did not have a fair opportunity to defend against the claim. *Id.* at 1006–07.[3]

These concerns of notice and a fair opportunity to defend, however, go to the defendants' most important arguments about the prejudice they say they will suffer if the court grants leave. First, the argue they did not know to conduct discovery around the possibility of punitive damages. But their discovery related to the degree of malice in some defendants' conduct belies this assertion (ECF 176-1 at 17, 20). Second, they argue that they did not know about the

---

[3] Because the court will grant the motion to amend, it does not address whether Maryland's pleading standard is applicable in this federal case.

3

punitive damages claims and therefore chose not to have separate counsel for defendant Patrick Boyle. But the record indicates that the defendants knew or should have known about the punitive damages claims through the facts asserted in the complaint itself, through the pretrial orders in which they affirmatively asserted defenses to punitive damages, and through discovery and discovery-related communications between counsel. To argue that they would have altered their pretrial strategy is speculative and unconvincing.

The defendants had ample notice of MRI's punitive damages claims and have had — and will have at trial, unlike in *Scott* — a fair opportunity to defend against the claim. The court therefore will grant MRI leave to amend its filings to include that claim in its complaint, bringing its explicit language in line with its factual allegations and what the parties have known throughout this litigation.

## CONCLUSION

For the reasons discussed herein, MRI's motion for leave to amend its complaint will be granted. A separate Order follows.

10/22/21
Date

Catherine C. Blake
United States District Judge