**SO ORDERED**

*[Signature]*
**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Tripod Holdings, LLC, | * | Case No. 22-11572-MMH |
| | * | |
| Debtor. | * | Chapter 11 (Subchapter V) |
| | * | |
| * * * * * * | * | |
| Tripod Holdings, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Adv. Pro. No. 22-00065-MMH |
| | * | |
| Modern Remodeling, Inc., | * | |
| | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * | | |

### SECOND ORDER EXTENDING PRELIMINARY INJUNCTION
### IN FAVOR OF DEBTOR'S WHOLLY-OWNED SUBSIDIARIES

Tripod Holdings, LLC, the above-captioned debtor and debtor in possession (the "Debtor"), seeks to reorganize its financial affairs and continue its business operations through a plan of reorganization under subchapter V of chapter 11 ("Subchapter V") of the U.S. Bankruptcy Code.[1] To achieve this objective, the Debtor argues that it needs additional injunctive relief beyond the automatic stay of section 362 of the Code; it asserts that a preliminary injunction in favor of its two wholly-owned nondebtor affiliates, Strong Wall Construction, LLC and High Mark Construction, LLC (together, the "Subsidiaries"), and against Modern Remodeling, Inc. ("MRI"), arguably the largest creditor in this Subchapter V case, is necessary.

---

[1] 11 U.S.C. §§ 101 et seq. (the "Code").

The Court held a hearing on the Debtor's Motion for Temporary Restraining Order and Preliminary Injunction [ECF 2] and certain other papers on March 30, 2022 (the "March Hearing"). Representatives of the Debtor, the Subchapter V Trustee, and counsel for the Debtor, the Subchapter V Trustee, the U.S. Trustee, and MRI appeared at the March Hearing. The Court accepted witness testimony and documentary evidence and listened to the parties' respective arguments during the Hearing. At the conclusion of the Hearing, and considering all of the evidence presented, by oral ruling, the Court issued a preliminary injunction in favor of the Subsidiaries through and including May 31, 2022, which the Court memorialized in an Order dated April 1, 2022 (the "April Order").[2] ECF 14.

In accordance with the April Order, the Court held a status hearing on the relief granted, and conditions set, by the April Order on May 23, 2022 (the "May Hearing"). Representatives of the Debtor and MRI, the Subchapter V Trustee, and counsel to the Debtor, MRI, and the U.S. Trustee appeared at the May Hearing. Based on the record of the May Hearing, the Court entered an Order further extending the preliminary injunction in favor of the Subsidiaries through and including July 22, 2022 (the "May Order"). ECF 33.

On July 11, 2022, the Court held an additional status hearing in this adversary proceeding and in the Debtor's main Subchapter V case (the "July Hearing"). The Debtor provided a general overview of its efforts since the May Hearing to move this case forward and to file a plan of reorganization. The Debtor's plan was filed with the Court on June 27, 2022. Case No, 22-11572-MMH, ECF 99. The Debtor also summarized its general discussions with the Subchapter V Trustee and counsel to MRI, and reviewed the potential factual and legal issues that might arise in the context of plan confirmation. MRI identified its continuing concerns with the Debtor's ability to

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the April Order.

2

fund and confirm a plan of reorganization. It also again discussed with the Court the terms of an Order entered by the U.S. District Court with respect to the individual defendants in the Lawsuit.[3] The Subchapter V Trustee confirmed that he received certain financial and other information from the Debtor and that he was in the process of reviewing that information, as well as the proposed plan filed by the Debtor.

As the Court explained during the July Hearing, the Debtor appears to be doing all that is required of it under the Code and this Court's Orders, and it should be given an opportunity to litigate (or resolve consensually) confirmation of its proposed plan of reorganization. The Court recognizes the competing positions of the Debtor and MRI at present concerning the plan, and it will endeavor to provide a meaningful opportunity for discovery while moving expeditiously towards a plan confirmation evidentiary hearing in this case. The Debtor's counsel represented that the Debtor would be forthcoming with all necessary or appropriate information during the discovery process, including (to the extent it has control over such matters) access to necessary or appropriate third party information. The Court expects all parties in interest to cooperate in the discovery process and to comply with their obligations under the Code and the applicable rules. The Court will separately enter a Scheduling Order to govern such matters, which Order will set a plan confirmation evidentiary hearing in October 2022.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Court further extends the preliminary injunction in favor of the Subsidiaries and against MRI with respect to any matter relating to the Lawsuit, including any collection actions, post-Judgment discovery, or other actions or proceedings, **through and**

---

[3] As the Court explained at the hearings, the individual defendants are not currently before the Court or subject to the April Order. The Court allowed MRI to make comments on the record concerning the individual defendants, but the Court is not addressing those issues in this Order. Those matters are appropriately before the District Court.

**including October 31, 2022**, which preliminary injunction may be shortened or extended upon further order of the Court; and it is further

**ORDERED**, that the Court will hold a further status hearing on the relief granted herein **on September 6, 2022, at 10:00 a.m., E.T.**, by videoconference; and it is further

**ORDERED**, that the Court will hold the pretrial conference in this adversary proceeding **on September 6, 2022, at 10:00 a.m., E.T.**, by videoconference; and it is further

**ORDERED**, that any party may file a Line with the Court requesting an expedited hearing on any matter addressed by this Order and the Court will set such matter for hearing as soon as reasonably practicable on at least three days' notice; and it is further

**ORDERED**, that neither the Debtor nor the Subsidiaries will engage in any extraordinary business or financial transactions or any business or financial transactions outside of the ordinary course of business absent further order of the Court; and it is further

**ORDERED**, that the preliminary injunction imposed by this Order is intended to maintain the status quo and does not affect the substantive rights of any party with respect to any alleged claims or causes of action between the parties; and it is further

**ORDERED**, that the Debtor is hereby authorized to comply with any orders entered, or directives issued, by the United States District Court for the District of Maryland with respect to the garnishment of wages of the individual judgment debtors in Case No. 1:19-cv-01397-CCB, and the automatic stay of section 362(a) of the Code is hereby modified to the extent necessary; and it is further

**ORDERED**, that the Debtor shall provide reasonable and necessary information requested by MRI with respect to the garnishment of wages of the individual judgment debtors in Case No. 1:19-cv-01397-CCB, and the automatic stay of section 362(a) of the Code is hereby modified to the extent necessary; and it is further

**ORDERED**, that the monthly financial reports pursuant to Federal Rule of Bankruptcy Procedure 2015.3, and reported upon Official Form 426, shall fully and accurately report all relevant financial information for the Subsidiaries and shall be provided and filed monthly instead of every six months as the Rule otherwise requires; and it is further

**ORDERED**, that the Debtor shall provide any and all business and financial information concerning the prepetition operations of the Debtor's and the Subsidiaries' businesses that is requested by the Trustee and shall do so on a timely basis; and it is further

**ORDERED**, that all information, with the exception of Rule 2015.3 reports and any other information required to be filed on the public docket in this case, will be provided to MRI's counsel or other retained professionals as confidential, "attorney's or professionals' eyes only," material, as well as to the Trustee. MRI will have ten days to review and question any of the information provided and will retain the ability to seek termination of the relief provided by this Order if the Debtor or the Subsidiaries are found to have violated the terms of this Order; and it is further

**ORDERED**, that, pursuant to Federal Rule of Bankruptcy Procedure 7065, the Debtor is relieved from posting a security pursuant to Federal Rule of Civil Procedure 65(c); and it is further

**ORDERED**, that the Debtor shall be responsible for providing notice of this Order under Federal Rule of Civil Procedure 65(d)(2) which is incorporated by Federal Rule of Bankruptcy Procedure 7065.

cc: Debtor
    Debtor's Counsel
    Defendant
    Defendant's Counsel
    Subchapter V Trustee
    Subchapter V Trustee's Counsel
    U.S. Trustee

**END OF ORDER**